UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.  3:20-cr-237 (VLB) |
| | : | |
| v. | : | |
| | : | |
| JEFFREY L. BACON | : | April 21, 2021 |

## UNITED STATES'S SENTENCING MEMORANDUM

The Government respectfully submits this memorandum in aid of sentencing of the defendant, Jeffrey Bacon, who pleaded guilty to one count of soliciting child pornography. In October 2018, Mr. Bacon began communicating with a 15-year-old girl through the Kik messaging application after meeting the girl in a chat group for teens.  Knowing that the girl was a minor, Mr. Bacon sent the girl a pornographic picture of himself and described various sexual acts that he wanted to engage in with her. The girl told her mother, who notified the police. A police officer assumed the girl's Kik identity and continued to correspond with Mr. Bacon. From October 30 to November 1, Mr. Bacon sent pornographic images and a video of himself to the undercover officer, and he solicited pornographic images in return. Mr. Bacon suggested they go to the mall or a motel where she could model clothes while Mr. Bacon watched and engaged in a sexual act. Mr. Bacon also suggested they could engage in sexual acts at the motel.  In addition to these chats, Mr. Bacon possessed 10 images of child pornography on his laptop and phone. The Government respectfully requests that the Court accept Mr. Bacon's guilty plea and impose a just and appropriate non-Guidelines sentence of imprisonment that is above the 60-month mandatory minimum but below 80 months, followed by a period of supervised release of at least five years.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

A.   **The Defendant's Offense Conduct**

The Government agrees with the offense conduct and relevant conduct set forth in the Pre-Sentence Report ("PSR"). PSR ¶¶ 6-32. In summary, in approximately October 2018, Mr. Bacon engaged in sexually explicit communications with a 15-year-old girl using the Kik text messaging application. PSR ¶¶ 7-14. According to the girl, she was part of a Kik chat group called "Connecticut Teens." PSR ¶ 8. The girl indicated that an adult, who law enforcement later identified as Mr. Bacon, contacted her in the chat group, and they began chatting privately one-on-one. *Id.*

During their Kik conversations, after the girl told Mr. Bacon that she was only 15 years old, Mr. Bacon described specific sexual acts he wanted to engage in with the girl. PSR ¶¶ 7, 13. He also told the girl he wanted to take her shopping, buy her clothing, and have her model for him. PSR ¶ 11. In addition, Mr. Bacon sent the girl a sexually explicit picture of his genitals. PSR ¶ 8.

The girl told her mother, who later contacted the Enfield Police Department. PSR ¶ 7. On October 30, 2018, an Enfield police detective (the "UC"), acting in an undercover capacity, took over the girl's Kik account and assumed her identity. PSR ¶ 15. The UC then contacted the Mr. Bacon. *Id.* Mr. Bacon immediately wrote "Remind me your age." PSR ¶ 16. The UC replied back "15." *Id.* Mr. Bacon and the UC then communicated via Kik over the next three days. PSR ¶¶ 16-19.

During the conversation on October 30, Mr. Bacon asked if he could pick up the UC from school to buy her lingerie and have her model for him. PSR ¶ 16. Later in the conversation that day, Mr. Bacon wrote that they could go to the mall or motel

to have her model for him. *Id.* He asked if the UC was a virgin and also asked if he could engage in a sexual act while the UC modeled the clothes. *Id.* When the UC inquired about what would happen at the motel, Mr. Bacon responded with "kissing," "rubbing," and "oral." *Id.* "Oral" was a reference to oral sex. *Id.*

Also that day, Mr. Bacon asked the UC to send a picture and suggested he may masturbate to it. *Id.* The UC then sent a picture of a clothed female's body without the face showing. *Id.* Mr. Bacon responded by asking about the UC's breast size, and he also asked the UC to show her nipples. *Id.*

Later in the day, Mr. Bacon wrote "I have to ask for my protection" and asked if the UC was "a cop or working for any law enforcement." *Id.* Another detective, who was monitoring the UC's account, responded "No, not a cop are you[?]" *Id.* Mr. Bacon replied, "No way baby[,] had to ask[,] u are under age." *Id.* Mr. Bacon then asked the UC to send a nude picture. *Id.* The UC indicated she was nervous to send a picture and did not do so. *Id.* Mr. Bacon, however, sent the UC two pictures of his exposed penis. *Id.*

Mr. Bacon and the UC continued to communicate via Kik on October 31, 2018 and November 1, 2018.  PSR ¶¶ 17-18. They discussed possibly meeting in person, and Mr. Bacon offered to pick her up from school.  PSR ¶ 17. At one point during the conversation on November 1, Mr. Bacon asked the UC to take her top off, rub her breasts, and pinch her nipples.  PSR ¶ 18.  He then asked the UC, "Show me your chest." *Id.* The UC responded, "u show me first," and Mr. Bacon sent the UC two pictures of his exposed penis. *Id.*

3

As the conversation continued on November 1, Mr. Bacon asked the UC to strip and remove her panties. *Id.* Mr. Bacon then asked the UC to send a picture of herself engaged in sexually explicit conduct. *Id.* Specifically, Mr. Bacon asked the UC to send a picture of her genitals. *Id.*

Later that day, law enforcement attempted to execute a search warrant at Mr. Bacon's residence. PSR ¶ 19. However, Mr. Bacon was not home. *Id.* He was at work. *Id.* While law enforcement was at the residence, Mr. Bacon sent the UC a video of himself masturbating in the bathroom at his place of work. PSR ¶¶ 19-20.

Law enforcement subsequently went to Mr. Bacon's workplace where he agreed to a voluntary interview. PSR ¶¶ 21-24. During the interview, Mr. Bacon admitted he had been chatting with a 15-year-old girl on Kik and also admitted to sending a picture of his penis and the video of himself masturbating. *Id.* He also gave law enforcement consent to seize and examine his cellphone and laptop.

During the examination of the cellphone, law enforcement discovered a Kik conversation between Mr. Bacon and another Kik user. PSR ¶ 28. In the conversation with the other Kik user, Mr. Bacon wrote that he is "working on a 15 yr old" and sent the clothed picture of a female that the UC had sent Mr. Bacon on October 30. *Id.* Mr. Bacon then told the other Kik user "Gonna meet her when I get back from vacation" and "take her virginity." *Id.* Law enforcement also recovered the names of various Kik chat rooms Mr. Bacon had viewed including "CT Teen Chat," "Connecticut Teens," and "Teens Sharing nuwdes." *Id.* In addition, law enforcement recovered an image of child pornography in the cache files of the

4

cellphone. PSR ¶ 29. The image depicted a prepubescent female naked on a bathroom counter exposing her genitals. *Id.*

During the examination of the Mr. Bacon's laptop, law enforcement located nine images of child pornography. PSR ¶ 30. Six of the images depict adult males engaged in sexual intercourse with prepubescent females. *Id.* The seventh image depicts a prepubescent female performing oral sex on an adult male. *Id.* The eighth image depicts an adult female performing oral sex on a prepubescent female. *Id.* The last image depicts a naked prepubescent exposing her genitals. *Id.*

B.      Procedural History

Based on the above described offense conduct, on November 19, 2018, Mr. Bacon was arrested and charged in Connecticut Superior Court with state offenses of enticing a minor by computer and risk of injury to a minor. PSR ¶¶ 26, 51. Federal law enforcement later adopted the case, and on July 26, 2019, Mr. Bacon was arrested and charged by federal criminal complaint. PSR ¶ 32; ECF #1, #5, #8.

On November 24, 2020, Mr. Bacon waived indictment and pleaded guilty before the Honorable Donna F. Martinez to a one-count information charging him with soliciting child pornography, in violation of 18 U.S.C. § 2252A(a)(3)(B)(ii). PSR ¶ 1. Mr. Bacon faces a mandatory minimum term of imprisonment of 5 years and a maximum term of imprisonment of 20 years. PSR ¶ 94. He also faces a term of supervised release of five years to life, a maximum fine of $250,000, a $100 mandatory special assessment, and an additional $5,000 assessment.[1] PSR ¶¶ 97,

---

[1] The additional $5,000 assessment is only applicable if the Court finds that Mr. Bacon is non-indigent. *See* 18 U.S.C. § 3014; PSR ¶ 102. Based on the financial information contained in the PSR, Mr. Bacon "appears able to pay the additional special assessment." PSR ¶ 93.

5

101-102. In addition, as part of his plea agreement, Mr. Bacon agreed to the additional Special Conditions of Supervised Release outlined in the rider to the plea agreement, which are consistent with the recommended conditions in the PSR. *See* Plea Agreement at 2, 15-17; PSR ¶¶ 115-134.

### C. The PSR and Guidelines Calculation

The Government agrees with the Sentencing Guidelines calculation in the PSR, which is the same calculation that the parties agreed to in the plea agreement. The PSR calculated Mr. Bacon's total offense level under the Federal Sentencing Guidelines to be 31. PSR ¶ 46.[2] The PSR also determined that Mr. Bacon has zero criminal history points, which places him in Criminal History Category I. PSR ¶ 49. As a result, the PSR concluded that Mr. Bacon faces a Guidelines range of 108 to 135 months of imprisonment, a term supervised release of five years to life, and a fine range of $30,000 to $250,000. PSR ¶¶ 95, 98, 103.

## II. DISCUSSION OF SENTENCING AND 3553(a) FACTORS

The Government respectfully requests that the Court accept Mr. Bacon's guilty plea and impose a just and appropriate sentence of imprisonment that is above the 60-month mandatory minimum but below 80 months of imprisonment, followed by a period of supervised release of at least five years. Such a sentence will reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and avoid unwanted sentencing disparities, while

---

[2] At sentencing, because Mr. Bacon has assisted authorities by timely notifying the Government of his intention to plead guilty, the Government intends to make a motion that the Court award the third point for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

affording adequate deterrence to future criminal conduct. Such a sentence also will take into account Mr. Bacon's history and characteristics, including any mitigating circumstances.

In this case, Mr. Bacon's offense was a very serious one. He engaged in sexually explicit chat messages with a 15-year-old girl. During the chats, Mr. Bacon sent the girl pornographic pictures of himself and described various sexual acts he wanted to engage in with her. Then, after an undercover police officer assumed the girl's identity, Mr. Bacon solicited pornographic pictures from the officer, believing he still was talking to the 15-year-old girl. He also offered to pick her up from school and suggested they go to a motel to engage in sexual acts.

Mr. Bacon's conduct was knowing and intentional. He was expressly told the girl was only 15 years old. He also knew his conduct was illegal. In fact, he asked the undercover officer if she was a cop and stated "I have to ask for my protection" because "u are under age." The girl's age, however, did not matter to Mr. Bacon. Indeed, he bragged to another person on Kik that he was going to meet the 15-year-old girl and take her virginity.

Adding to the seriousness of the offense is Mr. Bacon's possession of other child pornography. Specifically, he had ten images of child pornography on his laptop and phone. These images depicted prepubescent females engaged in sexual acts with adults.

Not only was Mr. Bacon's offense conduct serious, his conduct demonstrates that he poses an ongoing danger to the community, particularly minors. He did not meet the minor in this case by chance. He met her in an online

7

chat room for teens. He also has a prior 2005 conviction for public masturbation. PSR ¶ 48. In addition, in 2018, another complainant reported seeing Mr. Bacon masturbating in the doorway of his residence. PSR ¶ 50. Mr. Bacon himself notes that he has urges and it is only now, with treatment, that he is learning to control those urges. PSR ¶ 72. Accordingly, there is a strong need to protect the public and deter him from future criminal conduct. As the probation officer noted in the PSR, "There is a pattern of inappropriate sexual behavior and it appears that Mr. Bacon may recidivate." PSR ¶ 136.

The Government recognizes that Mr. Bacon has suggested he has certain mitigating circumstances that should be taken into account. For instance, Mr. Bacon has reported that he was sexually abused for four months when he was 13-years old by a family member, and he never received treatment to cope with that abuse. *See* Def.'s Sentencing Mem. at 3; PSR ¶ 57. It bears noting that this claim of abuse is self-reported, and there is no corroboration from others. Mr. Bacon also points to medical records indicating that Mr. Bacon suffers from other mental health issues. *See* Def.'s Sentencing Mem. at 7; PSR ¶ 71. He is now receiving mental health and sex offender treatment and appears to be doing well. PSR ¶ 72. In addition, although Mr. Bacon's collection of child pornography—10 images—is a serious offense, it is vastly below the number of images possessed by many other defendants who have been prosecuted for child pornography offenses.

However, notwithstanding these circumstances, there still remains a need to protect the public from Mr. Bacon and to deter him from engaging in such conduct in the future. This danger and need to protect the public warrants not only a

sentence of imprisonment, but also a lengthy period of supervised release to ensure he does not return to this behavior after his release from prison. There is also a need for general deterrence and promoting respect for the law so that others are deterred from engaging in similar conduct.

In fashioning an appropriate sentence, Mr. Bacon cites several recent cases in this district where the court varied downward and imposed a non-Guidelines sentence. In addition to those cases, the Government also directs the Court's attention to two other cases in the last year where the defendants engaged in conduct similar to Mr. Bacon's conduct in this case. *In United States v. Gregan*, Case No. 3:19-cr-253 (JCH), Judge Hall sentenced Gregan, a first-time offender with military service and documented mental health issues, to 60 months of imprisonment for receiving child pornography from a 13-year-old boy he was chatting with on Kik and also possessing a child pornography video of another minor female with whom he had a sexual relationship (the girl was above the legal age of consent for purposes of state sexual assault laws, but under 18 for purposes of the federal child pornography laws). It bears noting, however, that Gregan's Guidelines range was only 60 months because, among other things, the cross-reference to U.S.S.G. § 2G2.1 did not apply (which it does in Mr. Bacon's case) as Gregan was charged with receiving child pornography that the boy had previously produced and sent to others.

In *United States v. Gotti*, Case No. 3:18-cr-335 (VAB), Judge Bolden sentenced Gotti to 80 months of imprisonment for chatting with the same 13-year-old boy on Kik and accessing with intent to view child pornography that the boy

9

sent him. Again, the cross-reference to U.S.S.G. § 2G2.1 did not apply as it does in Mr. Bacon's case. Gotti was in Criminal History Category 6, but he also had a lengthy documented history of being sexually abused as a child. The Government had argued that Gotti was subject to a 10-year mandatory minimum due to one of his prior convictions. The court found the mandatory minimum inapplicable but varied upwards from the applicable Guidelines range of 46 to 57 months because of Gotti's lengthy criminal history and the need to impose a more severe sentence than Gregan. As noted, the court sentenced Gotti to 80 months of imprisonment.

In light of the considerations above, the Government respectfully asks the Court to sentence Mr. Bacon to a just and appropriate non-Guidelines sentence of imprisonment that is above the 60-month mandatory minimum but below 80 months of imprisonment, followed by a period of supervised release of at least five years.

## III. CONCLUSION

For the reasons stated above, the Government respectfully asks the Court to accept Mr. Bacon's guilty plea and impose a just and appropriate non-Guidelines sentence of imprisonment that is above the 60-month mandatory minimum but below 80 months of imprisonment, followed by a period of supervised release of at least five years.

Respectfully submitted,

LEONARD C BOYLE
ACTING UNITED STATES ATTORNEY

*/s/ Neeraj N. Patel*

NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.:   (203) 821-3700
Email: neeraj.patel@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2021, a copy of the foregoing Sentencing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Neeraj N. Patel*
**Neeraj N. Patel**
**Assistant United States Attorney**